UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ARNULFO CURIEL-SOLARZANO<br><br>    Defendant. | 3:11-cr-00026-LRH-WGC<br><br><u>ORDER</u> |

Before the court is defendant Arnulfo Curiel-Solarzano's ("Curiel-Solarzano") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #22.

## I. Facts and Procedural History

On February 9, 2011, Curiel-Solarzano was indicted on a single charge of unlawful reentry by a deported alien in violation of 8 U.S.C. § 1326. On May 24, 2011, Curiel-Solarzano pled guilty to the charge without a plea agreement. He was subsequently sentenced to thirty (30) months imprisonment. Curiel-Solarzano did not appeal his conviction. Thereafter, on June 4, 2012, Curiel-Solarzano, acting *pro se*, filed the present motion motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #22.

## II. Discussion

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. Const. Amend. VI. To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance, both before and at trial, and must be highly deferential to the attorney's judgments." *Quintero-Barraza*, 78 F.3d at 1348 (citing *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Once a petitioner has established that counsel's performance was deficient, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

In his motion for relief under § 2255, Curiel-Solarzano argues that his counsel was constitutionally ineffective because at the sentencing hearing his counsel failed to request a two-point downward departure for stipulating to deportation. *See* Doc. #22.

The court has reviewed the documents and pleadings on file in this matter and finds that Curiel-Solarzano's argument is without merit. Curiel-Solarzano bases his entire argument that his counsel was ineffective on an internal memorandum of the United States Attorney's Office which allowed federal prosecutors, and only federal prosecutors, to offer a two-point reduction in exchange for a defendant's consent to a stipulated administrative departure. Here, the federal prosecutor did not make such an offer because it is not the practice in the District of Nevada. *See* Doc. #25. Thus, the court finds that Curiel-Solarzano's counsel's "failure" to argue for the

downward departure was not constitutionally deficient because counsel had no right to request the departure as it was not first offered by the United States Attorneys' Office. Accordingly, the court shall deny Curiel-Solarzano's motion.

IT IS THEREFORE ORDERED that defendant's motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. #22) is DENIED.

IT IS SO ORDERED.

DATED this 27th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE